FILED
98 JAN 26 PM 4: 13
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

RALPH F. LEMONS and WILLIE LEMONS, )
)
      Plaintiffs, )
)
vs. ) CV 97-PT-3028-M
)
CROSS MEDICAL PRODUCTS, INC., et al., )
)
      Defendants. )
)

ENTERED
JAN 26 1998

## Memorandum Opinion

    This cause comes on to be heard on plaintiffs' motion for remand filed on December 12, 1997. In their notice of removal, the defendants proposed that the court has diversity jurisdiction over the present case. The plaintiffs assert that the defendants improperly invoked diversity jurisdiction as a basis for removal, as there exist two defendants, Quorum Health Group ("Quorum") and Gadsden Regional Health Center ("Gadsden Regional"), that are non-diverse to the plaintiffs.

    The defendants argue that exercise of diversity jurisdiction over the present case is appropriate because the non-diverse defendants, Quorum and Gadsden Regional, are fraudulently joined. Under 28 U.S.C. § 1332, assertion of diversity jurisdiction is proper in a suit between citizens of different states in which the amount in controversy exceeds $75,000. For diverse citizenship to exist in an action, the state(s) of citizenship of the

defendant(s) must be mutually exclusive of that of the plaintiff(s). From the face of the plaintiff's complaint, diversity of citizenship does not exist because the plaintiffs and two defendants, Quorum and Gadsden Regional, share common citizenship in the State of Alabama.

The apparent lack of diversity can be overcome if the defendant sharing common citizenship with the plaintiff has been fraudulently joined to the action and is therefore not a proper party to the suit.

> In order to establish that a fictitious resident defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). The Eleventh Circuit Court of Appeals has counseled caution in denying motions to remand in cases in which the assertion of jurisdiction is questionable.

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

The defendants argue that there is no conceivable manner in which the plaintiff could assert a claim against the non-diverse defendants for violation of the Alabama Extended Manufacturers Liability Doctrine ("AEMLD"). The defendants argue that Quorum and Gadsden Regional are not individuals to which the AEMLD applies because they are both hospitals and therefore providers of health care services. The plaintiffs contest this, stating that although Quorum and Gadsden Regional are hospitals, this does not exempt them from liability under the statute.

The Alabama Supreme Court, in Casrell v. Altec Industries, 335 So.2d 128, 132-33 (Ala. 1976), stated that for liability to attach under the AEMLD a plaintiff was required to prove that:

> (1) he suffered injury or damages to himself or his property by one who sells a

product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
>   (a) the seller is engaged in the business of selling such a product, and
>   (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
> (2) Showing these elements, the plaintiff has proved a prima facie case although
>   (a) the seller has exercised all possible care in the preparation and sale of his product, and
>   (b) the user or consumer has not bought the product from, or entered into any contractual relation with, the seller. (Footnotes omitted)

In the instant case, one of the plaintiffs, Ralph Lemon, allegedly had two spinal fixation devices break due to averredly faulty pedicle screws. Quorum and Gadsden Regional claim that, although the devices were installed by them, they are not sellers engaged in the business of selling the pedicle screws. Although there has been no case in Alabama construing whether a hospital placing a defective object into a patient is a covered seller under the AEMLD, it has addressed whether a hospital can be a "merchant" as defined by the Uniform Commercial Code with regard to products installed in patients. In Skelton v. Druid City Hospital Board, 459 So.2d 818, 821 (Ala. 1984), the Alabama Supreme Court determined that hospitals were sellers of the goods used in surgeries and implants, in addition to being service providers not covered by the Code. The Court then went on to hold that hospitals were also merchants of the goods that they used with respect to their patients.

> Druid City further claims that, even if it is a "seller" of goods, because of its status as a hospital, it is not a "merchant" as defined and required by the provisions of the Code and has not held itself out as having "knowledge or skill peculiar to the practices or goods involved in the transaction." We find that claim untenable for several reasons.
> First, the definition of "merchant" in the Code is a broad definition which does not exclude institutions such as hospitals.
>> "'Merchant' means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill."
>
> § 7-2-104(1), Code 1975.
> We cannot ignore the fact that hospitals, whether profitable or not, are businesses. They are not merely buildings which provide housing for the seriously-ill patients or independent physicians.
> In the course of their competition, hospitals certainly hold themselves out

to the public as having special knowledge regarding the provision of medical services to patients. Inherent in this presentment is a warranty that the hospital will sell, furnish, or supply patients with goods for use in the provision of medical services which are fit for their intended purpose.

Id. at 822-23. This court concludes that it is at least "possible" that the questioned defendants may be covered sellers under the AEMLD. On this issue, the plaintiffs have at least a fair shot of succeeding. Further, determination of whether the AEMLD applies to hospitals will require the resolution of a novel issue under Alabama law.

The case will be REMANDED to the Circuit Court of Etowah County, Alabama.

This 22nd day of January 1998.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE